# NELSON, et al. v DADE COUNTY, et al.

## Case No. 85-035 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

March 31, 1986

### APPEARANCES OF COUNSEL

**John G. Fletcher** for appellants.

**Greenberg, Traurig, Askew, Hoffman, Lipoff, Rosen & Quentel, P.A.,** and **Anthony J. O'Donnell, Jr.** for appellee, Busy B's Nursery, Inc.

**Robert A. Ginsburg,** County Attorney, and **Robert L. Krawcheck,** Assistant County Attorney, for appellee, Dade County.

Before FEDER, LEVY, MASTOS, JJ.

### OPINION OF THE COURT

PER CURIAM.

Appellants herein appeal the granting of several special exceptions and variances by Dade County to the Appellees. Appellants contend that the record does not demonstrate evidence of a hardship to have

been shown by the Appellee so as to entitle Appellees to the variances that it was granted.

We Agree.

After operating its business for a period of time, the Appellee purchased additional property abutting the Appellants' property. Appellee then spread their business onto the newly purchased property and began using it in connection with its business. This additional property, which directly abuts the Appellants' homesite, is zoned in a manner which prohibits the conducting of Appellee's business upon it. After being cited by Dade County for the illegal expansion, the Appellee filed an application for zoning relief. The Dade County Zoning Appeals Board denied the application.

Thereafter, an appeal was taken, by the Appellee below, to the County Commission. The County Commission granted all the relief requested, thereby, in effect, reversing the action taken by the Dade County Zoning Appeals Board. It is from that action of the County Commission that Appellants have appealed.

While the record contains evidence demonstrating the benefits to the Appellee of obtaining the variances requested, the record is devoid of any evidence establishing a hardship to be suffered by the Appellee if the variances requested were to be denied. Clearly, the variances granted to the Appellee are not justified in view of the hardship requirements that are set forth in Section 33-311(e)(1) of the Code of Metropolitan Dade County, and the case law of the State of Florida. The Appellee below did not meet its burden before the County Commission. *Town of Indialantic vs. Nance*, 400 So.2d 37 (Fla. 5th DCA 1981)

Accordingly, Dade County Commission Zoning Resolution Number Z-260-84 is hereby reversed, with directions that the denial of the Zoning Appeals Board be reinstated.

REVERSED AND REMANDED.